# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

MICHAEL ALLEN PRATT, JR.

|  |  |
|---|---|
| *Petitioner,* | CRIM. CASE NO.: 1:16-cr-20677 |
|  | CIV. CASE NO.: 1:18-cv-12723 |
| *v.* | DISTRICT JUDGE THOMAS L. LUDINGTON |
|  | MAGISTRATE JUDGE PATRICIA T. MORRIS |
| UNITED STATES OF AMERICA, |  |
|  |  |
| *Respondent.* |  |

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON PETITIONER'S 28 U.S.C. § 2255 MOTION
## TO VACATE, SET ASIDE, OR CORRECT SENTENCE
### (R. 580)

## I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED.**

## II.  REPORT

### A.  Introduction

Petitioner Michael Pratt (Pratt or Petitioner) filed the instant motion under 28 U.S.C. § 2255 to vacate his prison sentence (Mot. to Vacate, R. 580), and this motion is before the Court under an order of reference from United States District Judge Thomas L. Ludington. (R. 585.)

On September 11, 2017, Petitioner pleaded guilty to Count One of the Information charging him with conspiracy to possess with intent to distribute and to distribute cocaine and heroin in violation of 21 U.S.C. §846 and 841(a)(1) pursuant to a Rule 11 plea agreement. (R. 433.)  An amended judgment filed on January 2, 2018, sentenced Petitioner to 70 months' incarceration to be followed by four years' supervised release. (R. 512 at PageID.2998-2999.) Petitioner did not file an appeal.

On August 30, 2018, Petitioner filed the instant motion to vacate sentence pursuant to 28 U.S.C. § 2255. (R. 580.) The government responded (R. 601), and Petitioner replied. (R. 609, 610.) Petitioner also filed an affidavit in support of his motion. (Doc. 576.)

### B.    Standard of Review

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

Claims previously brought and denied on appeal are generally not available to petitioners on collateral attack absent "exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

This rule works to prevent claimants from using collateral attacks to repackage arguments lost on appeal as ineffective assistance of counsel claims. Stated differently, a movant "cannot use

a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010). These claims, however, are not waived by failing to bring them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense–not what bears a false label of 'strategy'–based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show a reasonable probability that, but for counsel's errors, the result would have been favorably different. *Id*. at 693-94. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and

prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process. In *Lockhart v. Fretwell*, the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

506 U.S. 364, 369 (1993) (citations omitted).

**C.   Analysis and Conclusions**

Petitioner contends that counsel was ineffective for: (1) failing to oppose the drug amount and the base offense level; (2) failing to oppose the drug amounts and stipulations in the plea agreement and "falsifying facts to get defendant to agree and sign" the plea agreement; and (3) failing to present sentencing arguments, including mitigating arguments. (R. 580.) Petitioner also states that "[g]rounds one, two nor three have been presented before. Grounds have not been presented  because counsel did not correctly advise defendant of the direct appeal options and methods, defendant did not hear from counsel until months after direct appeal deadline, and because defendant didn't have the correct information." (R. 580 at PageID.4230.)

The government responds that "where a court scrupulously follows the requirements of Rule 11, 'the defendant is bound by his statements in response to the court's inquiry'"; thus, Petitioner cannot now claim that he disagreed with statements he made on the record during the plea colloquy. (R. 601 at PageID.4444), quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir.

1986). The government notes that the trial court "was meticulous about confirming that Mr. Pratt's plea was knowing, voluntary and that he was fully aware of the consequences of his plea." (R. 601 at PageID.4445.) The government cites portions of the record where Petitioner confirmed that he understood the provisions of the plea agreement, that he was satisfied with his lawyer's advice, and that if he had any questions about the terms of the agreement or the consequences of any of the terms of the agreement that he would raise those questions in court that day since he would not be able to do so at a later date. (R. 601 at PageID.4446-4447; Plea Tr., R.505 at PageID.2874-2884.)

In addition, the government cites portions of the transcript where Petitioner admits to the factual basis for the plea, including the drug amounts for which Petitioner would be responsible for based on the activities of himself and his co-conspirators and Petitioner specifically agreed that he would be taking responsibility for the amounts "that other people in this case are involved in" because "those are reasonably foreseeable to you [Petitioner]". (R. 601 at PageID. 4449-4450; R. 505 at PageID. 2887-2888.)

The government further argues that "[b]ecause courts must be able to rely on a defendant's statements during a plea colloquy, 'allegations in a §2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always "patently incredible" and "patently frivolous or false."'" (R. 601 at PageID.4451), quoting *Barnett v. United States*, 2017 WL 160896 (E.D. Tenn. Jan. 13, 2017).

Finally, the government argues that even if the court were to consider Petitioner's arguments of ineffective assistance of counsel that are directly contradicted by his sworn statements made during the plea colloquy, his claims are merely sentencing guideline issues

5

disguised as claims of ineffective assistance of counsel claims and should be denied. (R. 601 at PageID.4452-4455.)

Petitioner replies that he was clearly misguided and misinformed and that his brief shows that he has met the requirements under *Strickland*. (R. 609.) Petitioner specifies that he can't be held responsible for a quantity of drugs that were found in another person's home. (R. 609 at PageID.4506.)

I suggest that where, as here, the court "has scrupulously followed the required procedure [under Rule 11], the defendant is bound by his statements in response to the Court's inquiry." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).  Here, Petitioner expressly acknowledged and agreed that he was going to be held responsible for drug quantities beyond his own activity that were reasonably foreseeable to him under the entire conspiracy. (R. 505 at PageID. 2887-2888.) Petitioner also expressly stated that he understood the terms and consequences of the terms of his plea agreement, that he had no questions regarding the terms of the plea agreement, that he had sufficient time to go over the plea agreement with his lawyer, and that he was satisfied with her advice. (R.505 at PageID.2874-2884.) Petitioner's current arguments are belied by his statements during the plea colloquy, rendering his arguments patently frivolous. *Barnett, supra*.

I further note that a review of the court's docket indicates that Petitioner's counsel zealously represented him throughout his case by filing motions for disclosure, to suppress evidence, to identify co-conspirator statements, by filing a motion for a *Daubert* hearing, and by filing extensive arguments in a sentencing memorandum that she expounded on during the sentencing hearing. Her work is an example of effective assistance, not its polar opposite.

Finally, even if Petitioner could establish that counsel's performance fell below an objective standard, I suggest that he cannot show prejudice. In order to show prejudice in the context of a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985). Here, Petitioner does not even allege that he would have decided to go to trial absent counsel's advice, he merely asserts that his sentence should have been different.  I suggest that Petitioner is unable to show prejudice and thus, that his motion should be denied.[1]

Finally, I note that Petitioner has not argued that he asked counsel to file an appeal and she refused. Instead, Petitioner only alleges that he failed to raise the three grounds raised in his petition on direct appeal because he was not correctly advised of his "options" for appeal. (R.580 at PageID.4218.) Therefore, Petitioner does not allege an issue cognizable under *Campbell v. United States*, 686 F.3d 353 (2012).[2] *Maldonado v. United States*, 2012 WL 3242187, at *6 (E.D.

---

[1]Even if Petitioner had appealed, challenges to controlled substance amounts used in sentencing are "garden-variety attacks on his sentence he wants to raise [on direct appeal], in the guise of a claim of ineffective assistance of counsel, are exactly the sort of claims he knowingly and intelligently waived his right to present[.]" *United States v. Joiner*, 183 F.3d 635, 644 (7th Cir. 1999) (denying claim that drug amounts that formed the basis of his sentence were incorrect and that counsel was ineffective for failing to challenge them).

[2]In *Campbell v. United States*, 686 F.3d 353 (2012), the Court held that "even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitled the defendant to relief in the form of a delayed appeal." *Id*. at 360. The Sixth Circuit's holding represents the majority view. *Accord, Watson v. United States*, 493 F.3d 960 (8th Cir. 2007); *United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007); *United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007); *Campusano v. United States*, 433 F.3d 770 (2nd Cir. 2006); *Gomez-Diaz v. United States*, 433 F.3d 788 (11th Cir. 2005); *United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005); and *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005). The minority view is held by the 7th and 3rd Circuits. *Nunez v. United States*, 546 F.3d 450 (7th Cir. 2008) (holding

Tenn. Aug. 7, 2012) (where petitioner "has not alleged that he instructed counsel to file a notice of appeal" and where he "signed an appeal waiver in the plea agreement" and "discussed that waiver with the Court during the plea colloquy[,]" his claim that counsel's deficient performance "deprived him of his right to appeal" was without merit).

I therefore recommend that the petition be denied.

### D.   Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than

_____

that if defendant waives his right to appeal pursuant to a plea agreement, "counsel should protect the client's interest in retaining the benefit of the plea bargain" even if that means ignoring his express instruction to appeal); *United States v. Mabry*, 536 F.3d 231 (3d Cir. 2005).

If this issue had been raised, defense counsel indicates that she advised Petitioner that he waived his right to appeal and that although he did not ask her to file an appeal, if he had, the appeal would have been filed but dismissed because of the appellate waiver. (R. 601 at PageID.4458.)

statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on any of the allegations raised in his motion.

### E. Conclusion

For the reasons set forth above, I recommend denying Petitioner's motion.

## III. <u>REVIEW</u>

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  December 17, 2018

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Michael Allen Pratt, Jr. #54971039 at Elkton Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 10, Lisbon, OH 44432.

Date: December 17, 2018

By s/Kristen Castaneda
Case Manager