UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case Number 16-cr-20677-06
v.                                     Honorable Thomas L. Ludington

D-6, MICHAEL ALLEN PRATT, JR.,

        Defendants.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO VACATE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On October 12, 2016, an indictment was issued which charged Michael Allen Pratt, Jr., and twelve other Defendants with participating in a large-scale conspiracy to possess and distribute controlled substances. ECF No. 16. Petitioner was charged in Count One, conspiracy to possess and distribute cocaine and heroin; Count Twenty-Six, distribution of heroin on October 26, 2015; Count Twenty-Seven, distribution of heroin on October 29, 2015; Count Twenty-Eight, distribution of heroin on November 4, 2015; Count Twenty-Nine, distribution of heroin on November 23, 2015; and Count Thirty, distribution of heroin and fentanyl, aiding and abetting.

Petitioner was represented by Joan Morgan. On September 11, 2017, Petitioner entered into a Rule 11 Plea Agreement, pleading guilty to Count One, conspiracy to possess and distribute cocaine and heroin. ECF No. 433. On December 21, 2017, the Court accepted the Rule 11 Plea Agreement and sentenced Petitioner to 70 months imprisonment. ECF No. 508.

On August 30, 2018, Petitioner filed a motion to vacate his sentence under 28 U.S.C. 2255. ECF No. 580. On December 17, 2018, Magistrate Judge Morris issued a Report and Recommendation recommending the Court deny Petitioner's motion.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them and runs contrary to the purposes of the Magistrate's Act." *Id*.

## II.

Petitioner raises five objections to the report and recommendation, which will be addressed in turn.

**A.**

Petitioner's first objection is that he never made certain statements that Judge Morris attributed to him in her Report and Recommendation. ECF No. 644 at 1–3. The sentences in question provide "Petitioner replies that he was clearly misguided and misinformed and that his brief shows that he has met the requirements under *Strickland*. (R. 609.) Petitioner specifies that he can't be held responsible for a quantity of drugs that were found in another person's home. (R. 609 at PageID.4506.)." ECF No. 618 at 6.

Judge Morris was not directly quoting Petitioner's brief. Instead, she was summarizing arguments presented in Petitioner's reply brief. Petitioner's argument that Judge Morris "took the Petitioner's words and twisted them into statements that were not made in the order or fashion that they were being recited" is belied by the contents of his reply brief, to which Judge Morris directly cited. In his reply brief, Petitioner argued

> Defendant was clearly misinformed and misguided by counsel…Defendant cant [sic] know that the conspiracy involved more than 500 grams of cocaine and more than 100 grams of heroin, when all of these drugs were found in the home of a man who defendant never knew, had any contact with, or even hear do until this offense. Defendant couldn't have and did not know the drug amount involved until defendant was charged with conspiracy after being picked up on a criminal complaint.

ECF No. 609 at 4505–4506. Judge Morris's summary of Petitioner's argument is accurate and does not change the meaning of his words.

**B.**

Petitioner next takes issue with Judge Morris's determination that Petitioner understood and agreed to his Rule 11 Plea Agreement. He argues that "he made his decision to plead guilty based on erroneous information." ECF No. 644 at 7. However, these arguments are the same as

- 3 -

those he presented to Judge Morris. They are still unconvincing in light of Plaintiff's statements regarding his Plea Agreement (the "Agreement") in which he acknowledged and assured the court that he understood its terms, which provides:

> By signing below, defendant acknowledges having read (or been read) this entire document, understanding it, and agreeing to its terms. Defendant also acknowledges being satisfied with defense attorney's' [sic] advice and representation. Defendant acknowledges having had a full and complete opportunity to confer with counsel, and that all of defendant's questions have been answered by counsel.

ECF No. 433 at 11. Additionally, during his plea hearing before Judge Morris, he confirmed that he understood the terms of the Agreement.

> THE COURT: You have Ms. Morgan with you here today, and I know you've been going over plea agreements today. Do you feel like you've had enough time to go over the agreement with Ms. Morgan?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you feel like you understand the terms of the agreement?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And are you satisfied with her advice?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Good. If your plea of guilty is accepted, Mr. Pratt, you're giving up important rights, most of which have to do with a trial, because by pleading guilty you won't have a trial, either before a judge or a jury. Do you understand that, sir?
>
> THE DEFENDANT: Yes, ma'am.

ECF No. 505 at 6.

During the hearing, Judge Morris also gave Ms. Morgan the opportunity to question Petitioner to ensure that he understood the factual information related to the Agreement.

> MS. MORGAN: Mr. Pratt, I want to ask you some questions about the time period between June of 2015 and August of 2016, okay? You have to speak out loud.
>
> THE DEFENDANT: Yes, ma'am.

> MS. MORGAN: Okay. And during that time period, were you in Saginaw, which is here in the Eastern District of Michigan in the Northern Division?
>
> THE DEFENDANT: Yes, ma'am.
>
> MS. MORGAN: During that time period, did you agree with at least one other person who's named in your original indictment to possess and to sell heroin?
>
> THE DEFENDANT: Yes, ma'am.
>
> MS. MORGAN: …Do you understand that we're agreeing in this indictment that the entire conspiracy -- not what you individually did, but the entire conspiracy includes at least 711 grams of cocaine, 127 grams of crack cocaine, less than 1 gram of fentanyl and 632 grams of heroin?
>
> THE DEFENDANT: Yes, ma'am.
>
> MS. MORGAN: And that is what other people may have done outside of what you individually done -- did, but you're taking responsibility for that as it is reasonably foreseeable to you? Do you understand that? Those amounts, they may not be amounts that you were involved in, and we know, in fact, they're not amounts you were involved in, but those are amounts that other people in this case are involved in, do you understand that?
>
> THE DEFENDANT: Yes, ma'am.
>
> MS. MORGAN: Okay. And you take responsibility because those are reasonably foreseeable to you? Yes?
>
> THE DEFENDANT: Yes, ma'am.

*Id.* at 18–19. Petitioner contends that regardless of his statements affirming that he understood his Agreement, that his "counsel's incompetence, misadvice, and opinions caused him to plead guilty." ECF No. 644 at 24. Petitioner has not presented any evidence demonstrating incompetence by Ms. Morgan. Furthermore, his contentions are undermined by the Agreement and transcript in which he confirmed multiple times that he understands the terms of the Agreement.

### C.

Petitioner argues that contrary to Judge Morris's determination, his counsel did not represent him zealously. The Report and Recommendation provides

> I further note that a review of the court's docket indicates that Petitioner's counsel zealously represented him throughout his case by filing motions for disclosure, to suppress evidence, to identify co-conspirator statements, by filing a motion for a *Daubert* hearing, and by filing extensive arguments in a sentencing memorandum that she expounded on during the sentencing hearing. Her work is an example of effective assistance, not its polar opposite.

ECF No. 618 at 6. Petitioner contends that his counsel was not zealous because "[t]he motions filed by counsel were mostly joinder, not counsel's own" and "[t]he motion to suppress evidence was a result of Petitioner's probing." ECF No. 644 at 26. However, simply because motions are filed jointly or in response to a client's concerns does not make counsel ineffective.

Petitioner further argues that counsel was ineffective because she erred in her calculations of his base offense levels and Sentencing Guidelines. However, he does not identify these alleged errors and instead makes a general statement that "[t]here is nothing at all on the record showing that counsel even tried to do a correct calculation of the drug quantities or base offense level…". *Id.* Petitioner's argument lacks the necessary evidence and specificity required to succeed on an objection to the Report and Recommendation.

**D.**

Petitioner next objects to Judge Morris's determination that even if he could establish the first prong of the *Strickland* test, he cannot establish the second prong of prejudice. The second prong requires a petitioner to demonstrate that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Petitioner claims that he "expressed, explained, and demonstrated at length with evidence that Petitioner insisted on going to trial." ECF No. 644 at 28. He cites to pages 5-2 through 5-10 of his §2255 motion. However, nowhere in these pages does Petitioner assert that he would have gone to trial but for his counsel's advice. Instead, these pages catalogue Petitioner's claims about his counsel's alleged failure to properly calculate his

sentencing guidelines. He also discusses the Court's response to a letter Petitioner wrote to the Court and to which the Court advised Petitioner to consult his counsel. The Petitioner never proves that there was a reasonable probability that he would not have pleaded guilty had it not been for Ms. Morgan's advice.

**E.**

Petitioner's final objection takes issue with Judge Morris's determination that

> Petitioner has not argued that he asked counsel to file an appeal and she refused. Instead, Petitioner only alleges that he failed to raise the three grounds raised in his petition on direct appeal because he was not correctly advised of his 'options' for appeal.

ECF No. 618 at 7. Petitioner then delves into an argument unrelated to this statement by arguing that his assertions are based upon the case *U.S. v. Campbell*, 279 F.3d 392 (6th Cir. 2000) and not *U.S. v. Campbell*, 686 F.3d 353 (6th Cir. 2012) as cited by Judge Morris. However, Judge Morris cited to *U.S. v. Campbell*, 686 F.3d 353 (6th Cir. 2012) in relation to an attorney's requirement to file an appeal for a client after the client has requested they do so. ECF No. 618 at 7. *U.S. v. Campbell*, 279 F.3d 392 (6th Cir. 2000) does not address the issue of appeal and as such, is an inadequate basis for objecting to this recommendation by Judge Morris.

**III.**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists

could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IV.**

Accordingly, it is **ORDERED** that Petitioner's objections to the report and recommendation, ECF No. 644, are **OVERRULED**.

It is further **ORDERED** that Judge Morris' Report and Recommendation, ECF No. 618, is **ADOPTED**.

It is further **ORDERED** that Petitioner's motion to vacate, ECF No. 580, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: May 17, 2019	s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

> PROOF OF SERVICE
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Michael Allen Pratt, Jr.** #54971-039, DULUTH FEDERAL PRISON CAMP, Inmate Mail/Parcels, P.O. BOX 1000, DULUTH, MN 55814, by first class U.S. mail on May 17, 2019.
>
>         s/Kelly Winslow
>         KELLY WINSLOW, Case Manager